IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In the matter of Arbitration Between: | § |
| STX HULL NO: S1672 LLC, | § § § |
| | § CIVIL ACTION 4:16-mc-1717 |
| STX HULL NO: S1673 LLC, | § § |
| STX HULL NO: S1674 LLC, | § § § |
| and | § § |
| STX HULL NO: S1675 LLC, | § § § |
| Plaintiffs, | § § |
| v. | § § |
| STX OFFSHORE & SHIPBUILDING CO. LTD., | § § § |
| Defendant. | § § § |

## MOTION TO ENFORCE ARBITRAL AWARD

Plaintiffs STX HULL NO: S1672 LLC ("S1672"), STX HULL NO: S1673 LLC ("S1673"), STX HULL NO: S1674 LLC ("S1674"), and STX HULL NO: S1675 LLC ("S1675") (collectively, "Plaintiffs"), seeking confirmation of arbitration awards against Defendant STX Offshore & Shipbuilding Co. Ltd. ("STX"), allege as follows:

### Nature of the Proceeding

1.   Each Plaintiff named herein seeks seek confirmation and recognition of an arbitration award entered in its favor and against STX.

2.	STX breached a shipbuilding contract with each of the Plaintiffs named herein by *inter alia* failing to provide a refund guarantee to each Plaintiff as required by the respective contract.

## Jurisdiction and Venue

3.	This Court has jurisdiction pursuant to 9 U.S.C. § 203.

4.	Venue is proper in this Court pursuant to 9 U.S.C. § 204.

## The Parties

5.	S1672 is a company incorporated under the laws of the Marshall Islands.

6.	S1673 is a company incorporated under the laws of the Marshall Islands.

7.	S1674 is a company incorporated under the laws of the Marshall Islands.

8.	S1675 is a company incorporated under the laws of the Marshall Islands.

9.	STX is a company incorporated under the laws of South Korea with its principal place of business in South Korea.  STX is a shipbuilding company.

## Factual Background / Arbitration Proceedings

10.	On April 5, 2013, each Plaintiff entered into an identical contract (save for the identity of each buyer and vessel) with STX (the "Shipbuilding Contracts") pursuant to which STX agreed to design, build, launch, equip and complete one 113,000 DWT Crude/Product Ready Oil Tanker for each Plaintiff.

11.	The Shipbuilding Contracts provided, in part, that STX was required to provide a refund guarantee to each Plaintiff.

12.	The Shipbuilding Contracts further provided that all disputes arising thereunder would be submitted to London arbitration in accordance with the London Maritime Arbitrators'

Association rules.  True and correct certified copies of the arbitration provisions in each of the Shipbuilding Contracts are attached hereto as Exhibits A-D.

13. STX failed to provide the contractually-required refund guarantee and made statements to each Plaintiff that it could not or would not do so.

14. Plaintiffs thereafter initiated concurrent arbitration proceedings against STX in London, pursuant to the Shipbuilding Contracts, alleging repudiatory breach of contract.

15. Plaintiffs and STX actively participated in the concurrent arbitration proceedings and four days of hearings were held between October 26, 2015 and October 29, 2015.

16. On December 4, 2015, the arbitration panel unanimously concluded that STX had breached its respective contract with each Plaintiff and awarded damages to each Plaintiff of USD 8,110,000 for a total award against STX of USD 32,440,000.  True and correct certified copies of each of the four awards are attached hereto as Exhibit E-H.

17. On April 5, 2016, Final Consent Awards were entered in the arbitration proceedings, addressing interest and costs and confirming the agreement of Plaintiffs and STX to each of the four awards.  True and correct copies of each of the four Final Consent Awards are attached hereto as Exhibit I-L.

18. Each Final Consent Award requires STX to pay each Plaintiff USD 8,110,000 in damages, plus interest of USD 572,856.44 (accruing from December 18, 2013 through June 17, 2016), plus interest thereafter of USD LIBOR (3 months) plus 2.5%, plus costs of GBP 212,500 (equivalent to USD 300,947.49), for a total award through June 17, 2016 of USD 8,983,803.93 for each Plaintiff (collectively, USD 35,935.215.72).

19. STX has not yet paid any portion of any of the Final Consent Awards.

20. By this action, Plaintiffs seek confirmation of their respective Final Consent Awards and entry of judgment thereon.  This Motion to Enforce Arbitration Award is brought within three years of the rendering of the Final Consent Awards.  No previous application has been made for the relief requested herein, and no application to correct, vacate, modify, or contest the Final Consent Awards has been made.

WHEREFORE, Plaintiffs respectfully request

(a) An Order confirming the Final Consent Awards;

(b) Entry of a money judgment, in conformity with each Final Consent Award, against STX and in favor of each Plaintiff, in the amount of at least USD 8,983,803.93, plus post-judgment interest as set forth in the Final Consent Award until the date the judgment is satisfied; and,

(c) Such other and further relief as this Court deems appropriate.

Dated: July 29, 2016.

Respectfully Submitted,

*/s/ Marios J. Monopolis*
J. Stephen Simms (*pro hac* motion to be filed)
Marios J. Monopolis (*pro hac* motion to be filed)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone:     410-783-5795
Facsimile:     410-510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

Attorneys for Plaintiffs STX HULL NO: S1672 LLC, STX HULL NO: S1673 LLC, STX HULL NO: S1674 LLC, and STX HULL NO: S1675 LLC