# EXHIBIT A

/

# SHIPBUILDING CONTRACT

## FOR

## THE CONSTRUCTION OF

## ONE (1) 113,000 DWT CRUDE / PRODUCT READY OIL TANKER

## HULL NO. S-1672

### BETWEEN

### STX HULL NO. S1672 L.L.C.

### AS BUYER

STACY SHIELDS
Barrister & Solicitor
Fasken Martineau DuMoulin LLP
2900 - 550 Burrard Street
Vancouver, BC   V6C 0A3
604 631 3248

### AND

### STX OFFSHORE & SHIPBUILDING CO., LTD.

### AS BUILDER



We hereby certify that the following pages are true copies of the corresponding pages of the original document.

July 27, 2016





# ■ INDEX

PAGE

1. DESCRIPTION AND CLASS .................................................................................................. 6
   (A) DESCRIPTION ................................................................................................................. 6
   (B) CLASSIFICATION, RULES AND REGULATIONS ................................................... 6
   (C) PRINCIPAL PARTICULARS AND DIMENSIONS OF THE VESSEL ................... 7
   (D) NATIONALITY OF THE VESSEL ............................................................................... 8

2. CONTRACT PRICE ............................................................................................................... 10

3. ADJUSTMENT OF CONTRACT PRICE ............................................................................ 11
   (A) DELAYED DELIVERY ................................................................................................. 11
   (B) INSUFFICIENT SPEED ................................................................................................ 12
   (C) EXCESSIVE FUEL CONSUMPTION ........................................................................ 13
   (D) DEADWEIGHT BELOW CONTRACT REQUIREMENTS ..................................... 13
   (E) EFFECT OF CANCELLATION ................................................................................... 14

4. INSPECTION AND APPROVAL .......................................................................................... 15
   (A) APPOINTMENT OF BUYER'S REPRESENTATIVE .............................................. 15
   (B) AUTHORITY OF BUYER'S REPRESENTATIVE ................................................... 15
   (C) APPROVAL OF DRAWINGS ....................................................................................... 16
   (D) SALARIES AND EXPENSES ....................................................................................... 17
   (E) RESPONSIBILITY OF THE BUILDER ..................................................................... 18
   (F) RESPONSIBILITY OF THE BUYER .......................................................................... 18

5. MODIFICATIONS, CHANGES AND EXTRAS ................................................................. 21
   (A) HOW EFFECTED .......................................................................................................... 21
   (B) SUBSTITUTION OF MATERIALS ............................................................................ 21
   (C) CHANGES IN CLASS AND RULES ........................................................................... 22

6. TRIALS AND SEA TRIALS .................................................................................................. 23
   (A) GENERAL ....................................................................................................................... 23
   (B) NOTICE ........................................................................................................................... 23
   (C) HOW CONDUCTED ...................................................................................................... 24
   (D) CONSUMABLE STORE ............................................................................................... 24
   (E) ACCEPTANCE OR REJECTION ............................................................................... 25
   (F) EFFECT OF ACCEPTANCE OR REJECTION ........................................................ 26
   (G) DISPOSITION OF SURPLUS CONSUMABLE STORES ....................................... 26

7. DELIVERY .............................................................................................................................. 27
   (A) TIME AND PLACE ....................................................................................................... 27
   (B) WHEN AND HOW EFFECTED ................................................................................... 27
   (C) DOCUMENTS TO BE DELIVERED TO THE BUYER ........................................... 27
   (D) TENDER OF VESSEL ................................................................................................... 28
   (E) TITLE AND RISK .......................................................................................................... 28
   (F) REMOVAL OF THE VESSEL ..................................................................................... 29

8. DELAYS AND EXTENSIONS OF TIME ............................................................................ 30
   (A) CAUSE OF DELAY ....................................................................................................... 30





|   |   |   |
|---|---|---|
| (B) | NOTICE OF DELAYS | 31 |
| (C) | RIGHT TO CANCEL FOR EXCESSIVE DELAY | 32 |
| (D) | DELAY OF BUYER'S SUPPLIED ARTICLES | 32 |

**9. WARRANTY OF QUALITY** ........................................................................... 33

|   |   |   |
|---|---|---|
| (A) | GUARANTEE OF MATERIAL AND WORKMANSHIP | 33 |
| (B) | NOTICE OF DEFECTS | 33 |
| (C) | REMEDY OF DEFECTS | 34 |
| (D) | EXTENT OF THE BUILDER'S LIABILITY | 35 |
| (E) | RETRIEVAL OF REPLACED EQUIPMENT/PARTS | 35 |
| (F) | GUARANTEE ENGINEER | 35 |

**10. PAYMENT** ............................................................................................. 38

|   |   |   |
|---|---|---|
| (A) | CURRENCY | 38 |
| (B) | TERMS OF PAYMENT | 38 |
| (C) | METHOD OF PAYMENT | 39 |
| (D) | ACKNOWLEDGEMENT FOR PAYMENT | 40 |
| (E) | EXPENSES | 40 |
| (F) | DEMAND FOR PAYMENT | 41 |
| (G) | PAYMENT PRIOR TO DELIVERY | 41 |
| (H) | RETURN OF THE BUYER'S SUPPLIES | 41 |
| (I) | DISCHARGE OF OBLIGATIONS | 42 |
| (J) | REFUND GUARANTEE | 42 |
| (K) | PERFORMANCE GUARANTEE | 42 |

**11. DEFAULT BY THE BUYER AND THE BUILDER** .................................................. 43

|   |   |   |
|---|---|---|
| (A) | DEFINITION OF BUYER'S DEFAULT | 43 |
| (B) | EFFECT OF BUYER'S DEFAULT ON OR BEFORE THE DELIVERY OF THE VESSEL | 43 |
| (C) | DEFINITION OF BUILDER'S DEFAULT | 44 |
| (D) | EFFECT OF BUILDER'S DEFAULT | 44 |

**12. BUYER'S SUPPLIES** ................................................................................ 47

|   |   |   |
|---|---|---|
| (A) | RESPONSIBILITY OF THE BUYER | 47 |
| (B) | RESPONSIBILITY OF THE BUILDER | 47 |

**13. ARBITRATION** ...................................................................................... 49

|   |   |   |
|---|---|---|
| (A) | DECISION BY THE CLASSIFICATION SOCIETY | 49 |
| (B) | PROCEEDINGS OF ARBITRATION | 49 |
| (C) | EXPENSES OF ARBITRATION | 49 |
| (D) | ALTERATION OF DELIVERY OF THE VESSEL | 49 |
| (E) | ENTRY IN COURT | 49 |

**14. SUCCESSOR AND ASSIGNS** ....................................................................... 51

|   |   |   |
|---|---|---|
| (A) | ASSIGNMENT BY THE BUYER | 51 |
| (B) | ASSIGNMENT BY THE BUILDER | 51 |

**15. TAXES, DUTIES AND REGISTRATION** ......................................................... 53

|   |   |   |
|---|---|---|
| (A) | TAXES AND DUTIES INCURREDED IN KOREA | 53 |
| (B) | TAXES AND DUTIES INCURRED OUTSIDE KOREA | 53 |
| (C) | REGISTRATION: | 53 |

**16. PATENTS, TRADEMARKS AND COPYRIGHTS** ................................................. 54

**17. INSURANCE** ........................................................................................ 55

|   |   |   |
|---|---|---|
| (A) | EXTENT OF INSURANCE COVERAGE | 55 |
| (B) | APPLICATION OF THE RECOVERED AMOUNT | 55 |
| (C) | TERMINATION OF BUILDER'S OBLIGATION TO INSURE | 55 |




18. INTERPRETATION ... 57
19. NOTICE ... 59
20. EFFECTIVENESS OF THIS CONTRACT ... 60
21. HEALTH, SAFETY, SECURITY AND ENVIRONMENT ("HSSE") ... 60
22. EXCLUSIVENESS (ENTIRE AGREEMENT) ... 67
EXHIBIT "A" ... 68
EXHIBIT "B" ... 70





# SHIPBUILDING CONTRACT

THIS CONTRACT, made on this 5th day of April, 2013 by and between STX HULL NO. S1672 L.L.C., a limited liability company organized and existing under the laws of the Marshall Islands, having its registered office at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960 (hereinafter called the "Buyer"), the party of the first part, and STX OFFSHORE & SHIPBUILDING CO., LTD., a corporation organized and registered under the laws of The Republic of Korea, with its principal office at 100, Wonpo-dong, Jinhae-gu, Changwon-si, Gyeongsangnam-do, Korea (hereinafter called the "Builder"), the party of the second part,

## **WITNESSETH**

In consideration of the mutual covenants contained herein, the Builder agrees to design, build, launch, equip and complete one (1) 113,000 DWT Crude / Product Ready Oil Tanker as described in Article 1 hereof (hereinafter called the "Vessel") at the Builder's shipbuilding facilities including its subsidiary and/or related company (i.e. affiliated or sister company) in the Republic of Korea (hereinafter called the "Shipyard") and to deliver and sell the Vessel to the Buyer, and the Buyer agrees to accept delivery of and purchase from the Builder the Vessel according to the terms and conditions hereinafter set forth:





5

## 13. ARBITRATION

(a) DECISION BY THE CLASSIFICATION SOCIETY

If any dispute or any difference shall arise between the parties hereto with regard to this Contract or the Specifications, the parties may by mutual agreement refer the dispute to the Classification Society or to such other expert as may be mutually agreed between the parties hereto and whose decision shall be final, conclusive and binding upon the parties hereto.

(b) PROCEEDINGS

If any claim, difference or dispute between the parties hereto as to any matter arising out of or relating to this Contract cannot be settled by the parties themselves, the same shall be submitted to, and settled by, arbitration held in London, England in accordance with the rules then in force of the London Maritime Arbitrators' Association (the "LMAA") and subject to the Arbitration Act 1996, as amended, except as hereinafter otherwise specifically provided.

Either party desiring to submit such claim, difference or dispute to arbitration shall give notice thereof to the other party specifying the matters in dispute between them and proposing, in the case of a dispute upto an amount of United States Dollars Two Hundred and Fifty Thousand (US$250,000) a candidate for appointment as sole arbitrator, who shall be a member of the LMAA, or a three arbitrator panel for a dispute in access of United States Dollars Two Hundred and Fifty Thousand (US$250,000).

Within fourteen (14) days after receipt of such notice as aforementioned, the recipient shall either accept the candidate proposed by the first party or shall propose an alternative candidate, also a member of the LMAA, failing which he shall be deemed to have accepted as sole arbitrator the candidate proposed by the first party. If the parties are unable thereafter within a further seven (7) days to agree upon the appointment of either of their candidates or another appointee, such appointment shall be made, upon the application of either party, by the Secretary of the LMAA.

(c) NOTICE OF AWARD

The award made by the arbitrator(s) shall be final and binding upon the parties hereto. The award shall immediately be given to the Buyer and the Builder in writing.

(d) EXPENSES

The sole arbitrator shall determine which party shall bear the expenses of the arbitration or the portion of such expenses which each party shall bear.



49

(e)   ENTRY IN COURT

Judgement upon the award may be entered in any court having jurisdiction thereof.

(f)   TECHNICAL DISPUTES

Notwithstanding paragraph (a) above, any dispute or difference of opinion between the parties relating to conformity of the construction of the Vessel, or any materials or workmanship supplied hereunder, with this Contract or the Specifications (other than a dispute or difference of opinion as to the compliance or otherwise of the Vessel with this Contract at the time of any tender for delivery, which shall be determined in accordance with paragraph (a) shall in the first instance be referred to the Classification Society for its views, which shall not, however, be legally binding upon the parties. If the parties cannot resolve such dispute in light of the views expressed by the Classification Society, the dispute or difference of opinion between them shall, upon the application of either party, shall be referred to an expert, acting as an expert and not an arbitrator, to be appointed by agreement between them.

If the parties shall fail, within seven (7) days of a request by either party to the other party to do so, to agree upon the identity of a mutually acceptable technical expert as aforesaid, the appointment shall be made by the President or Chairman for the time being of the Royal Institution of Naval Architects in London. The expert so appointed shall be independent of both parties. His decision shall be final and binding upon the parties hereto.

The costs of any expert appointed pursuant to this paragraph together with the costs of such proceedings shall be paid by the losing party or as the expert shall decide.



(End of Article)



## 24. EXCLUSIVENESS (ENTIRE AGREEMENT)

This Contract and its annexes shall constitute the only and entire agreement between the parties hereto, and unless otherwise expressly provided for in this Contract, all other agreement, oral or written, made and entered into between the parties prior to the execution of this Contract shall be null and void.

IN WITNESS whereof, the parties hereto have caused this Contract to be duly executed on the date and year first above written.

| BUYER | BUILDER |
|---|---|
| For and on behalf of<br>STX Hull No. S1672 L.L.C. | For and on behalf of<br>STX OFFSHORE & SHIPBUILDING CO., LTD. |
| By _[signature]_ | By _[signature]_<br>Sang Ho, Shin<br>President & CEO |
| WITNESS: | |
| For and on behalf of | For and on behalf of |
| By _[signature]_ | By _[signature]_ |

67