# EXHIBIT E

<u>IN THE MATTER OF ARBITRATIONS UNDER THE LMAA RULES</u>

<u>AND IN THE MATTER OF THE ARBITRATION ACT 1996</u>

B E T W E E N :-

STX HULL NO: S1672 LLC

(a company incorporated in the Marshall Islands)

<u>Claimant</u>

("the STX-1672 Buyer")

- and -

STX OFFSHORE & SHIPBUILDING CO. LTD

(a company incorporated in the Republic of Korea)

<u>Respondent</u>

("the Builder")

We hereby certify that this is a true copy of the original document

Signed
CURTIS DAVIS GARRARD LLP
3rd Floor, 29 Ludgate Hill, London   EC4M 7JR

**AWARD**

WHEREAS by a Shipbuilding Contract concluded, dated and signed on 5 April 2013 ("the S1672 Shipbuilding Contract") between the Claimant ("the STX-1672 Buyer") and the Respondent ("the Builder"), the Builder agreed to design, build, launch, equip and complete one 113,000 DWT Crude/Product Ready Oil Tanker ("the S1672 Vessel") and to deliver and sell the said S1672 Vessel to the STX-1672 Buyer on the terms there set out.

WHEREAS by Article 13(b) thereof, the S1672 Shipbuilding Contract provided as follows:

> *"If any claim, difference or dispute between the parties hereto as to any matter arising out of or relating to this Contract cannot be settled by the parties themselves, the same shall be submitted to, and settled by, arbitration held in London, England, in accordance with the rules then in force of the London Maritime Arbitrators' Association ("the LMAA") and subject to the Arbitration Act 1996, as amended, except as hereinafter specifically provided."*

WHEREAS Article 10(k) of the S1672 Shipbuilding Contract provided as follows:

> *"REFUND GUARANTEE*
>
> *As security for the refund of Instalments prior to delivery of the Vessel, the Builder shall (as a condition of the Buyer's obligation to make payment of any of the Instalments of the Contract Price) furnish the Buyer with a letter of guarantee covering the amount of the instalments and any interest thereon issued by The Export-Import Bank of Korea OR The Korea Development Bank OR Korea Finance Corporation at the Builder's option but always subject to final approval by the Buyers and/or the Buyers['] financiers (the "Refund Guarantee") in favour of the Buyer in the same form as the Refund Guarantee attached hereto as Exhibit A."*

WHEREAS the Builder failed to provide a refund guarantee to the STX-1672 Buyer and the STX-1672 Buyer consequently alleged that the Builder's failure to do so, coupled with what the STX-1672 Buyer maintained were the Builder's various clear statements that the Builder could not or would not do so, constituted a repudiatory breach of the S1672 Shipbuilding Contract. By its solicitors' letter of 18 December 2013, the STX-1672 Buyer purported to accept such repudiatory breach as bringing the S1672 Shipbuilding Contract to an end.

WHEREAS the STX-1672 Buyer claimed damages for the Builder's alleged repudiation in the amount of US$8,110,000.

WHEREAS the Builder disputed that it was in repudiatory breach and/or liable for damages and in turn alleged that the STX-1672 Buyer had itself thereby wrongfully terminated the S1672 Shipbuilding Contract.

WHEREAS the STX-1672 Buyer duly commenced arbitration, originally appointing Mr Lionel Persey QC as its arbitrator; subsequently, Mr Lionel Persey QC retired from the reference and Sir Bernard Rix, of 20 Essex Street, London WC2R 3AL was appointed as the STX-1672 Buyer's arbitrator in his place.

WHEREAS the Builder appointed Mr Timothy Young QC of 20 Essex Street, London WC2R 3AL as its arbitrator.

WHEREAS Mr Jonathan Hirst QC was originally appointed as third arbitrator and chairman; subsequently Mr Jonathan Hirst QC retired from the reference and Mr Alistair Schaff QC of 7 King's Bench Walk, Temple, London EC4Y 7DS was appointed as third arbitrator and chairman in his place.

WHEREAS the hearing of this arbitration (along with related arbitrations which were heard concurrently) took place at the IDRC, 70 Fleet Street, London between Monday 26 October and Thursday 29 October 2015, at which both parties were represented by solicitors and leading counsel.

WHEREAS at the conclusion of the hearing, the parties agreed that the tribunal should proceed to a final award on all issues, save for the questions of interest and costs which they requested should be reserved to our continuing jurisdiction.

NOW WE, the said SIR BERNARD RIX, TIMOTHY YOUNG QC and ALISTAIR SCHAFF QC, having taken on the burden of this reference and having carefully and conscientiously considered all the evidence and all the submissions made to us, DO HEREBY MAKE, ISSUE AND PUBLISH this our AWARD, which is FINAL on all issues save for matters of interest and costs:

1   WE DECLARE AND AWARD that the Builder is liable to pay to the STX-1672 Buyer the sum of US$8,110,000 (eight million, one hundred and ten thousand United States Dollars) by way of damages for the Builder's repudiation of the S1672 Shipbuilding Contract.

2   WE RESERVE TO OUR CONTINUING JURISDICTION all issues concerning interest and costs.

Given under our hand at the seat of this arbitration in London, United Kingdom this 4th day of December 2015.

..................................................
Sir Bernard Rix

..................................................
Timothy Young QC

..................................................
Alistair Schaff QC